## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Libertarian Party of Minnesota,
Chris Holbrook, Mason McElvain,
Chris Dock, and Brian McCormick,

          Plaintiffs,

v.

John J. Choi, in his official capacity
as County Attorney for Ramsey
County, or his successor, Mike
Freeman, in his official capacity as
County Attorney for Hennepin
County, Minnesota, or his successor,
Tony Palumbo, in his official
capacity as County Attorney for
Anoka County, or his successor,

          Defendants.

Case No. _____

**Complaint for Declaratory
and Injunctive Relief**

Jury Trial Requested

### Introduction

The Plaintiffs Libertarian Party of Minnesota, Chris Holbrook, Mason McElvain, Chris Dock, and Brian McCormick bring this complaint to challenge the constitutionality of Minnesota Statutes § 204B.07, subdivision 4, under the U.S. Constitution's First and Fourteenth Amendments. The statute requires a nominating petition signatory for a Libertarian Party of Minnesota or other minor party candidate to make an oath promising that they will not vote in the upcoming primary election. A person violating

Minnesota Statutes § 204B.07, subdivision 4, is guilty of perjury, which in Minnesota is a felony punishable up to five years in jail and $10,000 in fines. No similar oath or criminal penalty is imposed upon major parties in Minnesota. Thus, if a person signs the petition and later changes his or her mind, the person cannot exercise their constitutionally-protected right to associate and vote.

Further, comparing supporters of minor parties to supporters of the major parties, the petition signatories are not treated equally as other primary voters. Primary voters should not be excluded from the primary election process just because they saw fit to provide all voters a greater choice of candidates than the major parties provide. Notably, the statute deters potential petition signatories because of governmental interference with subsequent primary election opportunities and the threat of prosecution for signing the petition in the first instance.

Because Minnesota Statutes § 204B.07, subdivision. 4, is unconstitutional and violates the First Amendment and Fourteenth Amendment, it is violative of 42 U.S.C. § 1983. Not only are the Plaintiffs entitled to at least nominal damages, but also permanent injunctive relief enjoining the Defendant counties from enforcing the statute at issue.

## Jurisdiction and Venue

1.      This Court has jurisdiction under 28 U.S.C. § 1331 (federal-question jurisdiction), 28 U.S.C. § 2201 (declaratory-judgment jurisdiction), and 42 USC §§ 1983, 1988 (civil-rights statutes).

2.      Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendants are Minnesota county attorneys who reside within this district, and because the events or omissions giving rise to the claims presented occurred within this district

## Parties

### A. The Plaintiffs.

3.      The Plaintiffs include a political party, political party leaders, members, candidates, and individuals who engage in political activities relating to political elections and campaigns in Minnesota.

### 1. Plaintiff Libertarian Party of Minnesota.

4.      The Libertarian Party of Minnesota is a political party in Minnesota which engages in political activities relating to political elections and campaigns in Minnesota—including in Hennepin, Ramsey, and Anoka Counties.

5.      The Libertarian Party of Minnesota is a state affiliate of the United States Libertarian Party.

6.    The Libertarian Party is the third largest political party in the United States based on the number of Libertarian candidates, Libertarian elected officials, and Libertarian state affiliates with ballot access.

7.    The national party has state affiliates in all 50 states and, approximately 500,000 registered voters across the country, as of November 2016.

8.    The Libertarian Party is an alternative political party to existing political parties such as the Republican or Democratic political parties in the election process whether nationally, regionally, or locally.

9.    As of November 2017, 154 Libertarians held elected offices in 33 states.

10.    The preamble of the Libertarian Party outlines its core principles: Libertarians believe that respect for individual rights is the essential precondition for a free and prosperous world, that force and fraud must be banished from human relationships, and that only through freedom can peace and prosperity be realized.

11.    Hence, Libertarians will defend each person's right to engage in any activity that is peaceful and honest, and welcome the diversity that freedom brings.

12.     The world the party seeks to build is one where individuals are free to follow their own dreams in their own ways, without interference from government or any authoritarian power.

13.     To carry out the objectives of the Libertarian Party, members recruit candidates for public office, educate the public about its principles, and continually seek to grow its membership.

14.     Under Minnesota Statutes § 200.02, subdivision 23, the Libertarian Party of Minnesota is a "minor" political party.

15.     The Libertarian Party of Minnesota is not a "major" political party as defined under Minnesota Statutes § 202.02, subdivision 7.

16.     As a minor party, the Libertarian Party of Minnesota, under Minnesota Statutes § 204B.07, must collect nominating petition signatures for its candidates statewide and in local races to be on the general election ballot.

## 2.  Plaintiff Chris Holbrook

17.     Plaintiff Chris Holbrook is a resident of Ramsey County and Chair of the Libertarian Party of Minnesota. Holbrook is also an eligible voter in Minnesota.

18.     Holbrook has signed petitions in Minnesota for Libertarian Party candidates.

19.     As Chair, party member, and a U.S. citizen, Holbrook is engaged in political activities in Hennepin, Ramsey, and Anoka Counties including collecting nominating petition signatures for candidates seeking political office–nationally and locally.

### 3. Plaintiff Mason McElvain

20.     Plaintiff Mason McElvain, a resident of Anoka County, is Vice Chair of the Libertarian Party of Minnesota. McElvain is also an eligible voter in Minnesota.

21.     McElvain has signed petitions in Minnesota for Libertarian Party candidates.

22.     As Vice Chair, party member, and a U.S. citizen, McElvain is engaged in political activities in Hennepin, Ramsey, and Anoka Counties including collecting nominating petition signatures for candidates seeking political office—nationally and locally.

### 4. Plaintiff Chris Dock

23.     Plaintiff Chris Dock, a resident of Hennepin County, is a Libertarian Party of Minnesota member. Dock is also an eligible voter in Minnesota.

24.     Dock has signed petitions in Minnesota for Libertarian Party candidates.

25. Dock ran on the Libertarian Party of Minnesota statewide ticket in 2014 for lieutenant governor in Minnesota and for State Auditor in 2018.

26. Dock was Libertarian Party of Minnesota Chair from 2015 to 2016.

27. As a statewide candidate, Chair and a U.S. citizen, Dock engaged in political activities in Hennepin, Ramsey, and Anoka Counties including collecting nominating petition signatures for candidates seeking political office—nationally and locally.

### 5. Plaintiff Brian McCormick

28. Plaintiff Brian McCormick, a resident of Anoka County, is a member of the Libertarian Party of Minnesota. McCormick is an eligible voter in Minnesota.

29. McCormick has signed petitions in Minnesota for Libertarian Party candidates.

30. In the 2016 election, McCormick was a Libertarian Party of Minnesota candidate for state house for House District 37A, Coon Rapids, Minnesota.

31. As a legislative candidate, party member, and U.S. citizen, McCormick engaged in political activities in Hennepin, Ramsey, and Anoka Counties including collecting nominating petition signatures for candidates seeking political office—nationally and locally.

## B. The Defendants.

### 1. Defendant John J. Choi.

32.    Defendant John J. Choi, the county attorney for Ramsey County, Minnesota, is sued in his official capacity. As county attorney, he has, under Minnesota Statutes § 204B.07, subdivision 4, the authority to criminally prosecute for perjury. He can prosecute any signatory of any Libertarian candidate petition for violating Minnesota Statutes § 204B.07 in Ramsey County, including the Plaintiffs Holbrook, McElvain, Dock, McCormick who have signed petitions in the past and wish to do so in the future.

### 2. Defendant Mike Freeman.

33.    Defendant Mike Freeman, the county attorney for Hennepin County, Minnesota, is sued in his official capacity. As county attorney, he has, under Minnesota Statutes § 204B.07, subdivision. 4, authority to criminally prosecute for perjury. He can prosecute any signatory of any Libertarian candidate petition for violating Minnesota Statutes § 204B.07 in Hennepin County, including the Plaintiffs Holbrook, McElvain, Dock, McCormick who have signed petitions in the past and wish to do so in the future.

### 3. Defendant Tony Palumbo.

34.    Defendant Tony Palumbo, the county attorney for Anoka County, Minnesota, is sued in his official capacity. As county attorney, he has, under

Minnesota Statutes § 204B.07, subdivision 4, authority to criminally

prosecute for perjury. He can prosecute any signatory of any Libertarian

candidate petition for violating Minnesota Statutes § 204B.07 in Anoka

County, including the Plaintiffs Holbrook, McElvain, Dock, McCormick who

have signed petitions in the past and wish to do so in the future.

## Facts

35.    The First Amendment to the United States Constitution

provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

The First Amendment applies to state and local governments by

incorporation via the Fourteenth Amendment.

36.    The Fourteenth Amendment's Due Process and Equal Protection

Clauses apply to state and local governments:

> Section 1… nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

37.    Thus, the Plaintiffs Holbrook, McElvain, Dock, and McCormick

bring this complaint to challenge the constitutionality of Minnesota Statutes

§ 204B.07, subdivision 4, because it requires a signer of a nominating petition

for a Libertarian Party of Minnesota or other minor party candidate for office,

to sign an oath that they do not intend to vote in the upcoming primary

election:

> … each separate page that is part of the petition shall include an oath in the following form: "I solemnly swear (or affirm) that I know the contents and purpose of this petition, that I do not intend to vote at the primary election for the office for which this nominating petition is made, and that I signed this petition of my own free will."

(Emphasis added.)

38.     Minnesota Statutes § 204B.07, subdivision 6, makes it a crime to

make a false oath under subdivision 4:

> An individual who, in signing a nominating petition, makes a false oath is guilty of perjury.

39.     In Minnesota, the crime of perjury is defined under Minnesota

Statutes § 609.48; subdivision 4 provides for up to five years of jail time and

up to $10,000 in fines for those convicted of perjury:

> Whoever violates this section may be sentenced as follows: ...
>
> (2) in all other cases, to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both.

40.     Plaintiff McCormick has signed petitions in Minnesota for

Libertarian Party candidates in the past and wishes to do so in the future.

41.     Plaintiff Dock has signed petitions in Minnesota for Libertarian

Party candidates and wishes to do so in the future.

42.     Plaintiff McElvain has signed petitions in Minnesota for

Libertarian Party candidates and wishes to do so in the future.

43.     Plaintiff Holbrock has signed petitions in Minnesota for Libertarian Party candidates and wishes to do so in the future.

44.     A signer of a nominating petition for a Libertarian Party or other minor party candidate for office, who is found guilty of perjury for voting in the upcoming primary election after signing a minor party candidate petition, commits a crime which could lead to five years in prison and up to $10,000 in fines.

45.     If a signer of a nominating petition for a Libertarian Party or other minor party candidate for office later changes his or her mind and votes in the primary election, the person is subject to possible prosecution for perjury which could lead to five years in prison and up to $10,000 in fines.

46.     A person who signs a minor party's petition, like that of the Libertarian Party of Minnesota, for a candidate for political office, cannot participate in a primary election.

47.     Major political parties in Minnesota are not subject to the same statutory constraints as minor political parties are under Minnesota Statutes § 204B.07, subdivision 4.

48.     The Plaintiffs Chris Holbrook, Mason McElvain, Chris Dock, and Brian McCormick have also participated in obtaining signatures on petitions for Libertarian candidates.

49.     Each Plaintiff has experienced situations in which a potential signatory wanted to sign, but refused to do so for fear of criminal prosecution alone for signing the petition.

50.     The Plaintiffs Chris Holbrook, Mason McElvain, Chris Dock, and Brian McCormick wish to participate in primary elections, but they cannot do so after signing a Libertarian Party candidate petition for fear of criminal prosecution.

51.     When eligible voters refuse to sign a Libertarian Party candidate petition seeking elective office, it interferes with the Party's right to associate with the voter regardless of the voter's ultimate choice for a candidate seeking political office.

52.      By making such people subject to criminal prosecutions by merely signing a minor party candidate's petition and by threatening the imposition of severe criminal penalties for perjury, the government deters people from signing nominating petitions for Libertarian Party or other minor party candidates.

53.     Minnesota Statutes § 204B.07, subdivision 4, creates a serious risk of an actual finding of criminal liability even for a person who does not make a knowingly false statement.

54.     The Libertarian Party of Minnesota's activities include recruiting and endorsing candidates, inviting speakers to events, encouraging

community members to support the organization and the candidates that it supports, and engaging in debate on political issues, policies, or other similar matters of public concern.

55.     The Libertarian Party of Minnesota, as a minor party under Minnesota law, collects signatures on nominating petition so that its candidates can be on the election ballot.

56.     Under Minnesota Statutes § 204B.09, minor party candidates have a 14-day window in late May, including the Memorial Day weekend, to collect the required signatures on a petition to get a candidate on the ballot. Signature requirements vary by office. For example, 500 signatures are required for state house races and 2,000 signatures are required for statewide races.

57.     Major political parties in Minnesota are not subject to similar time constraints as minor political parties, such as the Libertarian Party of Minnesota.

58.     Each of the Plaintiffs has a recent history of being politically active in Minnesota.

59.     Dock ran on the Libertarian Party of Minnesota state gubernatorial ticket in 2014 as Lieutenant Governor.

60.     In 2014, the Governor/Lieutenant Governor had a primary for the major parties.

61.    In 2014, Dock and the other Plaintiffs successfully participated in obtaining the required 2,000 signatures on the nominating petitions so that Dock could be on the ballot for lieutenant governor.

62.    In 2014, Dock and the other Plaintiffs, while collecting petition signatures, experienced many people refusing to sign the petition because of Minnesota Statutes § 204B.07's oath requirement.

63.    In 2016, Dock, with the help of the other Plaintiffs led the successful petition drive to get Gary Johnson / William Weld on the ballot for 2016 as President / Vice-President candidate for the Libertarian Party of Minnesota.

64.    The 2016 petition drive created more confusion about the oath and its relevance, since Minnesota was not a presidential primary state at that point and the caucus process for that position had already occurred earlier in the year.

65.    Specifically, potential signers were confused about the necessity of swearing the mandatory oath and promising not to vote in a primary election contest with the potential for criminal penalties when there was no presidential primary in 2016.

66.    In 2016, McCormick and the other individual Plaintiffs, while collecting petition signatures for the presidential and vice-presidential offices,

experienced many people refusing to sign the petition because of Minnesota Statutes § 204B.07's oath requirement.

67.     In 2016, McCormick ran for the local Minnesota House in District 37a, Coon Rapids election as the Libertarian Party of Minnesota candidate.

68.     With the other Plaintiffs helping, McCormick was able to collect more than the 500 required signatures on those nominating petitions in the 14-day window.

69.     In 2016, McCormick and the other Plaintiffs, while collecting petition signatures, experienced many people refusing to sign the petition because of Minnesota Statutes § 204B.07's oath requirement.

70.     In the 2016 election, McCormick got 8% in the general election.

71.     Notably in 2016, there were no statewide elections in Minnesota; so, there were no statewide petition drives except for the presidential ticket.

72.     In 2018, McCormick wanted to run again for the local Minnesota House in District 37a, Coon Rapids election. McCormick and other Plaintiffs collected approximately 100 signatures the first two days of the 14-day window.

73.     But, due to limited resources, the Libertarian Party of Minnesota had to pull volunteers for McCormick's local election to gather petition signatures for the statewide races the rest of the 14- day window.

74.    Thus, McCormick's efforts became drastically hampered causing him to fail to obtain the required threshold number on his petition; hence, he was excluded as a viable alternative candidate on the ballot in 2018.

75.    While collecting petition signatures in 2018 for the state house race, McCormick and the other plaintiffs experienced many people refusing to sign the petition because of Minnesota Statutes § 204B.07's oath requirement or fear of criminal prosecution or both.

76.    Dock ran as the Libertarian Party of Minnesota candidate for State Auditor in 2018.

77.    In 2018, there was no primary for the position of State Auditor because the major parties did not have contested races for that position.

78.    In 2018, because there was no primary for the position of State Auditor, the 2018 petition drive created more confusion about the oath and its relevance, since Minnesota had no primary for the office of State Auditor that year.

79.    Specifically, the confusion for potential signers of the petition was the oath they were required to make to sign the petition under penalty of criminal perjury did not make sense under the specific circumstances because there was no primary for State Auditor in 2018. The confusion at times caused some not to sign the petition.

80.    In 2018, Dock and the other Plaintiffs successfully participated in obtaining the required 2,000 signatures on the nominating petition so that Dock could be on the ballot for State Auditor.

81.    While collecting petition signatures in 2018 for the State Auditor race, Dock and the other Plaintiffs experienced many people refusing to sign the petition because of Minnesota Statutes § 204B.07's oath requirement.

82.    In 2020, the Libertarian Party of Minnesota will seek to petition for their presidential (and vice-president) to appear on the ballot.

83.    On March 3, 2020, Minnesota will hold a primary for presidential candidates. However, minor party candidates can only seek nominating petition signatures *after* the March presidential primary in Minnesota.

84.    If a person has already voted in the presidential primary in March 2020, confusion will arise as to whether that person can sign the Libertarian Party of Minnesota petition in May 2020.

85.    The individual Plaintiffs believe that if they vote in the presidential primary in March 2020, they will be precluded from signing the Libertarian Party of Minnesota petition in May 2020 for fear of prosecution under Minnesota Statutes § 204B.07.

86.    Likewise, the individual Plaintiffs believe that if other persons voted in presidential primary in March 2020, they will be precluded from signing the Libertarian Party of Minnesota petition in May 2020 for fear of

17

prosecution under Minnesota Statutes § 204B.07 and, hence, be deterred from signing the petition.

87.    In 2020, because the primary for President/Vice-President will be before the 2020 petition drive, more confusion about the oath and its relevance will be created.

88.    Further, people who vote in the 2020 presidential primary will be subject to criminal prosecution if they later sign the nominating petition for a Libertarian Party of Minnesota or other minor party candidate because the Defendants will prosecute based on the evidence that the person provided a false oath having voted in the earlier presidential primary.

89.    During the 2014, 2016, and 2018 campaigns, each of the Plaintiffs received complaints from candidates, members and supporters that Minnesota Statutes § 204B.07, subdivision 4, infringes and chills the exercise of the persons signing nomination petitions.

90.    Each of the Plaintiffs intend to be involved in future elections in ways that require collecting signatures for nominating petitions.

91.    But, each of the Plaintiffs' activities have been curtailed and will continue to be curtailed by Minnesota Statutes § 204B.07's oath requirement.

92.    In 2020 and future elections, each of the Plaintiffs is concerned that under Minnesota Statutes § 204B.07, subdivision 4, many people do not

sign the nominating petitions because they do not want to be subject to perjury prosecutions under Minnesota Statutes § 204B.07, subdivision 4.

93.    Minnesota Statutes § 204B.07, subdivision4 interferes and chills each of the Plaintiffs' political activities.

94.    People do not and will not sign the candidate nominating petitions because of the penalties of Minnesota Statutes § 204B.07, subdivision.4.

95.    The Plaintiffs claim that, in this way, Minnesota Statutes § 204B.07, subdivision 4, violates the First Amendment's free speech, associational and petition protections and the Fourteen Amendment's due process and equal protection guarantees.

96.    The Plaintiffs challenge the constitutionality of Minnesota Statutes § 204B.07, subdivision 4, and seek declaratory and injunctive relief.

97.    Because § 204B.07, subdivision 4 infringes and chills the exercise of the Plaintiffs' federal constitutional rights, the Plaintiffs ask this Court to declare § 204B.07, subdivision 4, unconstitutional and to permanently enjoin the Defendants from enforcing the section.

98.    The Plaintiffs also seek nominal damages for all the unnecessary time, out-of-pocket expenses and resources spent in prior elections getting unnecessary signatures because of the unconstitutional oath requirement's deterrence effect on potential signers.

## COUNT I

### Minnesota Statutes § 204B.07 violates the First Amendment's petition protections.

99.   The Plaintiffs incorporate this complaint's previous paragraphs.

100.   The First Amendment protects the right of persons to petition the government.

101.   Restrictions on petitioning the government are subject to strict scrutiny.

102.   Petitioning includes when one person, with a second person's encouragement, signs a nominating petition to the government backing the second person's candidacy for office.

103.   This happens in Minnesota when a Libertarian Party of Minnesota candidate pursues a nominating petition to run for political office under Minnesota Statutes § 204B.07.

104.   Minnesota Statutes § 204B.07, subdivision 4, interferes with a person considering signing a nominating petition—an act petitioning the government—by requiring the signer to sign an oath pledging that that person will not vote in the upcoming primary election (even if there isn't one) and, if they do, they will be subject to prosecution for perjury which could lead to incarceration and monetary fines.

105.   The oath burdens the petition rights of both those candidates who seek signers of nominating petitions and those who may sign such nominating petitions.

106.   People are risk averse. If they believe that signing the petition may lead to criminal prosecution, they won't sign a nominating petition.

107.   The Defendants as prosecutors will use evidence of support for and voting for a major party candidate in the primary to prosecute a person signing a minor party candidate nominating petition.

108.   This threat of prosecution has a significant chilling effect on whether people will sign the minor party candidate nominating petitions.

109.   Section 204B.07, subdivision 4, makes it significantly more difficult for candidates to get signatures for their nominating petitions.

110.   Section 204B.07, subdivision 4, makes it significantly more difficult for potential signers to sign nominating petitions.

111.   Because section 204B.07 regulates petitioning the government, it is subject to strict scrutiny.

112.   Section 204B.07, subdivision 4, is unconstitutional because it is not narrowly tailored to meet a compelling state interest.

113.   The government can meet its objectives through alternatives which do not violate the constitutional protections of petitions.

114.   The Plaintiffs are entitled to a declaration under 28 U.S.C. §

2201(a) that Minnesota Statutes § 204B.07, subdivision 4, and related

provisions, are unconstitutional under the First and Fourteenth

Amendments.

115.   The Plaintiffs are entitled to a permanent injunction against the

Defendants to prevent the criminal enforcement of § 204B.07.

116.   The Plaintiffs are entitled to at least nominal damages.

## COUNT II

### Minnesota Statutes § 204B.07 violates the
### First Amendment's associational protections.

117.   The Plaintiffs incorporate this complaint's previous paragraphs.

118.   The First Amendment protects the right of association and

expressive association.

119.   Restrictions on association and expressive association are subject

to strict scrutiny.

120.   Association and expressive association includes when one person,

with a second person's encouragement, signs a nominating petition backing

the second person's candidacy for office.

121.   This happens in Minnesota when a Libertarian Party of

Minnesota candidate pursues a nominating petition to run for political office

under Minnesota Statutes § 204B.07.

122.   Minnesota Statutes § 204B.07, subdivision 4, interferes with a person considering signing a nominating petition—an act of association and expressive association—by requiring the signer to sign an oath pledging that that person will not vote in the upcoming primary election (even if there isn't one) and, if they do, they will be subject to prosecution for perjury which could lead to jail time and fines.

123.   The oath burdens the association and expressive-association rights of both those candidates who seek signers of nominating petitions and those who may sign such nominating petitions.

124.   People are risk averse. If they believe that signing the petition may lead to a criminal prosecution, they won't sign a nominating petition.

125.   The Defendants as prosecutors will use evidence of support for and voting for a major party candidate in a primary to prosecute a person signing a minor party candidate nominating petition.

126.   This has a significant chilling effect on whether people will sign the minor party candidate nominating petitions.

127.   Section 204B.07, subdivision 4, makes it significantly more difficult for candidates to get signatures for their nominating petitions.

128.   Section 204B.07, subdivision 4, makes it significantly more difficult for potential signers to sign nominating petitions.

129.   Because § 204B.07 regulates association and expressive association, it is subject to strict scrutiny.

130.   Section 204B.07, subdivision 4, is unconstitutional because it is not narrowly tailored to meet a compelling state interest.

131.   The government can meet its objectives through alternatives which do not violate the constitutional protections of association and expressive association.

132.   The Plaintiffs are entitled to a declaration under 28 U.S.C. § 2201(a) that Minnesota Statutes § 204B.07, subdivision 4, and related provisions are unconstitutional under the First and Fourteenth Amendments.

133.   The Plaintiffs are entitled to a permanent injunction against the Defendants to prevent the criminal enforcement of § 204B.07.

134.   The Plaintiffs are entitled to at least nominal damages.

## COUNT III

### Minnesota Statutes § 204B.07 violates the
### First Amendment's free speech protections.

135.   The Plaintiffs incorporate this complaint's previous paragraphs.

136.   The First Amendment protects the right of free speech.

137.   Restrictions on free speech are subject to strict scrutiny.

138.   Free speech includes when one person, after signing a nominating petition backing the second person's candidacy for office, changes

his or her mind and decides to support and vote for a different candidate prior to the primary election.

139.   This happens in Minnesota when a person supporting a minor party candidate by signing a nominating petition to run for political office under Minnesota Statutes § 204B.07, changes his or her mind prior to the primary election and wants to vote for another party's candidate.

140.   Minnesota Statutes § 204B.07, subdivision 4, interferes with a person after signing a Libertarian Party of Minnesota candidate nominating petition re-considering prior to the primary election who they will support and vote for in the primary election.

141.   That person by signing the nominating petition has signed an oath pledging that that person will not vote in the upcoming primary election and, if they do, they will be subject to prosecution for perjury which could lead to jail time and fines.

142.   So, under threat of prosecution, the person who signed the minor party candidate nominating petition cannot change who they support or will vote for in the primary election.

143.   If they do, the Defendants as prosecutors may use such evidence of support for and voting for a major party candidate as evidence to prosecute that person for perjury.

144.   The oath burdens the free speech rights of those who may sign such nominating petitions.

145.   People are risk averse. If they believe that supporting or voting for a major party candidate will provide evidence for a perjury prosecution, they will not do so.

146.   Since the Defendants as prosecutors will use evidence of support for and voting for a major party candidate as evidence to prosecute a person signing a minor party candidate nominating petition, people who signed a minor party candidate nominating oaths are chilled from re-considering which candidate they will support prior to the primary election.

147.   This has a significant chilling effect on whether people will re-consider their candidate support prior to the primary election.

148.   Because § 204B.07 interferes with free speech, including minor party candidate petition signers' reconsideration of client support prior to a primary, it is subject to strict scrutiny.

149.   Section 204B.07, subdivision 4, is unconstitutional because it is not narrowly tailored to meet a compelling state interest.

150.   The government can meet its objectives through alternatives which do not violate the constitutional protections of free speech.

151.   The Plaintiffs are entitled to a declaration under 28 U.S.C. § 2201(a) that Minnesota Statutes § 204B.07, subdivision 4, and related

provisions, are unconstitutional under the First and Fourteenth

Amendments.

152.   The Plaintiffs are entitled to a permanent injunction against the

Defendants to prevent the criminal enforcement of § 204B.07.

153.   The Plaintiffs are also entitled to at least nominal damages.

## COUNT IV

### Minnesota Statutes § 204B.07 violates the
### Fourteenth Amendment's Due Process Clause.

154.   The Plaintiffs incorporate this complaint's previous paragraphs.

155.   The Fourteenth Amendment protects due process rights.

156.   Once a state recognizes the right to vote, as Minnesota's

Constitution and laws do, the Fourteenth Amendment requires due process of

a state or local government when depriving or interfering with that right to

vote.

157.   In Minnesota, when a person supporting a minor party candidate

by signing a nominating petition to run for political office under Minnesota

Statutes § 204B.07, changes his or her mind prior to the primary election and

wants to vote for another party's candidate, that person cannot vote in the

primary without risking prosecution.

158.   Minnesota Statutes § 204B.07, subdivision 4, interferes with a

person after signing a Libertarian Party of Minnesota candidate nominating

petition re-considering prior to the primary election who they will support and vote for in the primary election.

159.   That person by signing the nominating petition has signed an oath pledging that that person will not vote in the upcoming primary election and, if they do, they will be subject to prosecution for perjury which could lead to jail time and fines.

160.   So, under threat of prosecution, the person who signed the minor party candidate nominating petition cannot support a different candidate in the primary election without risking criminal prosecution.

161.   If the person does support another person in the primary election, the Defendants as prosecutors may use such evidence of support for and voting for a major party candidate as evidence to prosecute that person for perjury.

162.   The oath burdens the due process rights of those who may sign such nominating petitions.

163.   Because section 204B.07 interferes with due process and the right to vote, a fundamental right, it is subject to strict scrutiny.

164.   Section 204B.07 is not narrowly tailored to meet a compelling state interest.

165.   The government can meet its objectives through alternatives which do not violate due process.

166.    Section 204B.07, subdivision 4, is unconstitutional because it does not provide a process for a person who has signed a nominating petition, to change their mind and support and vote for a different candidate in the primary.

167.    The Plaintiffs are entitled to a declaration under 28 U.S.C. § 2201(a) that Minnesota Statutes § 204B.07, subdivision 4, and related provisions, are unconstitutional under the Fourteenth Amendment's Due Process Clause.

168.    The Plaintiffs are entitled to a permanent injunction against the Defendants to prevent the criminal enforcement of § 204B.07.

169.    The Plaintiffs are also entitled to at least nominal damages.

## COUNT V

### Minnesota Statutes § 204B.07 violates the Fourteenth Amendment's Equal Protection Clause.

170.    The Plaintiffs incorporate this complaint's previous paragraphs.

171.    The Fourteenth Amendment guarantees equal protection under the laws.

172.    Once a state recognizes the right to vote, as Minnesota's Constitution and laws do, the Fourteenth Amendment requires equal protection under the laws as to that right to vote.

173.   In Minnesota, only minor party candidate supporters need to make the oath required under Minnesota Statutes § 204B.07 even when the subject office is not subject to a primary because the major parties do not have a contest (e.g., 2018 state auditor race), or when a primary doesn't occur (e.g., 2016 presidential race), or when a primary occurs before the period for nominating petitions (e.g., 2020 presidential race).

174.   Minnesota Statutes § 204B.07, subdivision 4, creates confusion and burdens on the minor political parties which have no effect on the major political parties.

175.   Minnesota Statutes § 204B.07, subdivision 4, in instances where there is no primary election after the period of nominating petitions is over, unnecessarily interferes with minor parties' political process.

176.   The burden of Minnesota Statutes § 204B.07, subdivision 4, on minor parties gives an advantage to the major political parties.

177.   The minor parties as political parties are treated unequally because the major parties do not need to put up with this senseless requirement.

178.   Because § 204B.07 interferes with equal protection rights and the right to vote, a fundamental right, it is subject to strict scrutiny.

179.   Section 204B.07, subdivision 4, is unconstitutional because it is not narrowly tailored to meet a compelling state interest and because it

unnecessarily discriminates against minor political parties benefitting major political parties.

180.   The government can meet its objectives through alternatives which do not violate equal protection.

181.   The Plaintiffs are entitled to a declaration under 28 U.S.C. § 2201(a) that Minnesota Statutes § 204B.07, subdivision 4, and related provisions, are unconstitutional under the Fourteenth Amendment's Equal Protection Clause.

182.   The Plaintiffs are entitled to an injunction against the Defendants to prevent the criminal enforcement of § 204B.07.

183.   The Plaintiffs are also entitled to at least nominal damages.

## COUNT VI

**Plaintiffs are entitled to injunctive relief due to the irreparable harm regarding the violation of constitutional protections.**

184.   The Plaintiffs incorporate this complaint's previous paragraphs.

185.   The right of individuals to associate for the advancement of political beliefs, and the right of qualified voters, regardless of their political persuasion, to cast their votes effectively are protected under the U.S. Constitution.

186.   Section 204B.07, subdivision 4, is unconstitutional under the First and Fourteenth Amendments.

187.   Section 204B.07, subdivision 4, causes irreparable harm to the Plaintiffs. The individual Plaintiffs are unable to associate with others for the advancement of political beliefs, and the right of qualified voters, regardless of their political persuasion, to cast their votes effectively due to the threat of prosecution deterring people from signing Libertarian Party of Minnesota candidate petitions.

188.   Moreover, because of the fear of prosecution and chilling effect because of § 204B.07, the Libertarian Party of Minnesota, will continue to have difficulty and, as in the past, will fail to obtain the necessary signatures on a petition to place an alternative candidate on the ballot.

189.   The Defendants are not harmed by an injunction against enforcement of Section 204B.07, subdivision 4.

190.   The Defendants, in particular, as prosecutors of § 204B.07, have no peculiar or specific interest in the number of candidates or the party affiliations of each candidate who appear on the ballot. The petitioning process is to be merely that of obtaining enough signatures on a petition to get the candidate's name on a ballot.

191.   An injunction against the Defendants is consistent with public policy. The object of an election is to provide the eligible voters a choice between candidates whom the voter believes will best represent his or her interests or political beliefs. The only requirement of interest to the state is

whether a potential candidate can obtain the necessary *number* of eligible

voter signatures on a petition to place the candidate's name on the ballot.

Punishing the person for signing a petition to give himself or herself and

others a greater choice than that of major parties is to deter the growth of

sound democratic governance. It deters the right to expand the association of

other political beliefs. Voting, as a public policy, is to provide a choice of what

is best for the public among candidates of differing political views or moral

values.

192.   The Plaintiffs are entitled to an injunction against the

Defendants to prevent the criminal enforcement of § 204B.07.

## COUNT VII

### Constitutional claims under 42 U.S.C. § 1983 entitle the
### Plaintiffs to attorneys' fees and costs.

193.   The Plaintiffs incorporate this complaint's previous paragraphs.

194.   The Defendants are responsible for enforcing Minnesota Statutes

§ 204B.07.

195.   Because enforcement or threatened enforcement of § 204B.07

violates, under color of state law, the Plaintiffs' First and Fourteenth

Amendment rights, the Plaintiffs are entitled to attorneys' fees and costs

incurred in this suit. 42 U.S.C. §§ 1983 and 1988.

## Request for Jury Trial

196.   The Plaintiffs request a jury trial for any issues regarding the allegations as expressed in this Complaint or further relief as requested.

## Prayer for Relief

Therefore, the Plaintiffs Libertarian Party of Minnesota, Chris Holbrook, Mason McElvain, Chris Dock, and Brian McCormick respectfully ask that this Court:

1.     Declare Minnesota Statutes § 204B.07, subdivision 4, and related provisions, to be facially, and as applied to the facts of this case, unconstitutional under the First Amendment of the U.S. Constitution;

2.     Declare Minnesota Statutes § 204B.07, subdivision 4, and related provisions, to be facially, and as applied to the facts of this case, unconstitutional under the Fourteenth Amendment of the U.S. Constitution;

3.     Grant a preliminary and permanent injunction enjoining the Defendant County Attorneys, or their successors, for Ramsey County, Hennepin County, and Anoka County from enforcing Minnesota Statutes § 204B.07, subdivision 4 and related provisions;

4.     Declare that Ramsey County, by Minnesota Statutes § 204B.07, subdivision 4, and related provisions, violated the civil rights of the Plaintiffs under 42 U.S.C. § 1983;

34

5. Declare that Hennepin County, by Minnesota Statutes § 204B.07, subdivision 4, and related provisions, violated the civil rights of the Plaintiffs under 42 U.S.C. § 1983;

6. Declare that Anoka County, by Minnesota Statutes § 204B.07, subdivision 4, and related provisions, violated the civil rights of the Plaintiffs under 42 U.S.C. § 1983;

7. Award at least nominal damages against Ramsey County for the violation of the Plaintiffs' civil rights;

8. Award any compensatory damages or punitive damages against the Ramsey County, if warranted;

9. Award at least nominal damages against Hennepin County for the violation of the Plaintiffs' civil rights;

10. Award any compensatory damages or punitive damages against Hennepin County, if warranted;

11. Award at least nominal damages against Anoka County for the violation of the Plaintiffs' civil rights;

12. Award any compensatory damages or punitive damages against Anoka County, if warranted;

13. Award the Plaintiffs their reasonable attorney fees, litigation expenses, and costs as allowed under 42 U.S.C. § 1988, and all other applicable laws; and

14.     Any and all other relief, monetary or otherwise, this Court deems just or reasonable under the circumstances alleged in this Complaint.

Dated: August 21, 2019.          /s/Erick G. Kaardal
                                 Erick G. Kaardal, 229647
                                 Mohrman, Kaardal & Erickson, P.A.
                                 150 South Fifth Street, Suite 3100
                                 Minneapolis, MN 55402
                                 Telephone:  (612) 341-1074
                                 Facsimile:  (612) 341-1076
                                 Email:      kaardal@mklaw.com
                                 Attorneys for the Plaintiffs