# MOHRMAN, KAARDAL & ERICKSON, P.A.

ATTORNEYS AND COUNSELORS AT LAW

150 SOUTH FIFTH STREET
SUITE 3100
MINNEAPOLIS, MINNESOTA 55402

ERICK G. KAARDAL

TELEPHONE: 612/341-1074
FACSIMILE: 612/341-1076
WRITER'S E-MAIL: KAARDAL@MKLAW.COM

May 5, 2020

Tim Walz
Office of the Governor
130 State Capitol
75 Rev Dr. Martin Luther King Jr. Blvd.
St. Paul, MN 55155

Steve Simon
Office of the Secretary of State
180 State Office Building
100 Rev. Dr. Martin Luther King Jr. Blvd.
Saint Paul, MN 55155-1299

Dear Governor Walz and Secretary Simon:

Minnesota law requires independent candidates, such as those of the Socialist Workers Party to collect 2,000 valid signatures on nominating petitions to have their 2020 presidential ticket placed on this year's ballot. However, Governor Tim Walz's COVID-19 Peacetime Emergency Executive Order 20-20 and subsequent executive orders require that supporters of the SWP candidates refrain from the very activity necessary to meet this requirement.

My clients are requesting a suspension, elimination, or substantial reduction of the petitioning portion of the requirement the SWP and other new party candidates must meet to achieve ballot status.

The Socialist Workers Party's presidential ticket has appeared on *every* Minnesota ballot since 1948. For more than 70 years, the SWP has demonstrated the capacity to meet the state's requirements, including submitting the signatures of 2,000 eligible Minnesota voters on nominating petitions.

To achieve this, the only option available to SWP candidates has been to go out and interact face-to-face with voters on their doorsteps or other venues to discuss their platform and candidates and obtain signatures. The interaction with potential signatories is essential and indispensable to the candidate's success in meeting the requisite number of petition signatures. Obtaining signatures is challenging: it requires holding the person's attention and engaging the voter to gain their confidence and acceptance to ultimately sign the petition. In the SWP's 70 years of experience in Minnesota, there is *no acceptable* alternative.

**EXHIBIT G**

CASE 0:19-cv-02312-DSD-DTS   Document 28-1   Filed 05/05/20   Page 2 of 2

May 5, 2020
Page 2

    The governor's executive orders require all persons living within the state of Minnesota to stay at home except to engage in "Activities and Critical Sector work" defined in the order. Circulating petitions is not an exempted activity. Even if it were, the very nature of the activity would violate the Minnesota Department of Health guidelines on "social distancing."

    Recognizing this reality, the state of Vermont recently enacted into law special ballot provisions for this year only, abolishing any petitioning requirement to be placed on that state's 2020 general election ballot. In Colorado, a state district court granted a candidate access to the primary ballot with only half the number of petition signatures required. In Illinois, the U.S. District Court granted relief for minor and independent candidates by reducing the number of required petition signatures to one-tenth of the number or required.

    The proposed legislation recently submitted by Secretary of State Simon authorizing nominating petitions to be submitted electronically and authorizing electronic signing of these petitions would not help the SWP. It only can provide a solution for parties with large enough registration rolls to contact electronically to meet the requirement. It provides no remedy for the SWP and others similarly situated.

    The state cannot reasonably require 2,000 signatures to get on the ballot and then ban the very activity necessary to gather those signatures.

    The SWP asks the governor and the secretary of state to take action that is consistent with fairness and democratic access to the ballot. Suspend the petitioning requirement in 2020 for those candidates and parties that meet all other requirements and place them on the ballot.

    Sincerely,

    /s/Erick G. Kaardal
    Erick G. Kaardal

EGK/jmj

**EXHIBIT G**